## SCOTT & CO. et al. v. FOLLOWILL.

No. 22306.    Opinion Filed Feb. 2, 1932.

Jas. C. Cheek, for petitioners.

Murrah & Bohanan and M. F. Boddie, for respondent.

CLARK, V. C. J. This is an original action filed in this court to review an award of the State Industrial Commission. Petitioners in this court contend that respondent was an independent contractor and not an employee of petitioners at the time of the injury.

Carl Followill was employed by Scott & Company to haul pipe. Followill, respondent, testified as follows:

"Q. What were your wages, Mr. Followill? A. Six dollars per day, and $34 per day for the truck."

He further testified he was employed by Sam Lewis, who was superintendent for Scott & Company, and testified in regard to the employment and conversation at the time of the employment as follows:

"Q. What was said, state to the court? A. He ask me what I would take to drive a truck on a basis of day wages and I told him $6 per day and $34 per day for the truck. Q. Did he accept that proposition? A. Yes, sir."

Finding No. 5 of the State Industrial Commission is as follows:

"That claimant herein at times prior to the 5th day of November, 1930, had been engaged in the occupation of an independent oil field trucking contractor, but that on the 5th day of November, 1930, the claimant herein was employed by the respondent, Scott & Company, under a contract providing for payment of $6 per day to the claimant as a truck driver; that the contract provided further that the respondent, Scott & Company, should pay to claimant the sum of $34 per day for the use and benefit of the truck which was the property of the claimant herein; that the respondent, Scott & Company, had complete charge and control of the work being performed by claimant on the 5th day of November, 1930, and claimant, at the time of said injury, was under the orders and direction of respondent, Scott & Company."

The question of whether or not the respondent was an employee or an independent contractor was a question of fact, and a finding of the State Industrial Commission on questions of fact are binding on this court where there is any competent evidence to support the same.

The evidence further disclosed that there was no agreement as to how much pipe the respondent was to haul, that he was just instructed to haul pipe from one destination to another, and that he was to work ten hours per day.

The contention of petitioners that respondent was an independent contractor is not well taken. The fact that respondent had been a trucking contractor and later engaged in such business is not even a circumstance that would control in the instant case. It is argued in the brief of petitioners that prior to this time the respondent was an

independent contractor, and that after he recovered from the accident, he was an independent contractor, but the only thing before this court for consideration is whether or not he was an independent contractor or an employee at the time of the accident. The Commission found that he was an employee, and the finding is supported by competent evidence and will not be disturbed by this court on review.

Judgment and award of the Industrial Commission is affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, Mc-NEILL, and KORNEGAY, JJ., concur.